IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| STEVEN MICHAEL BACKSTROM, PRO SE, | § | |
| TDCJ-CID No. 1657938, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:12-CV-0116 |
| | § | |
| RICK THAYLER, Executive Director, | § | |
| TDCJ-ID; JOHN H. ADAMS, Sr. Warden; | § | |
| STUART WILLIAMS, Clements Unit Shoe | § | |
| Factory Manager; ELIZABETH BOERLIN, | § | |
| TDCJ Risk Managment (sic) Supervisor; | § | |
| C. A. HARRELL, Clements Unit Program | § | |
| Supervisor-III; NIKELLE GRANT, Clements | § | |
| Unit Safety Officer-I; C. F. HAZELWOOD, | § | |
| Executive Director, Texas Correctional | § | |
| Industries; JOHN DOE, Executive Director of | § | |
| the American Correctional Association; and | § | |
| JOHN DOE, Executive Director of the Texas | § | |
| Dept. of State Health Services, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff STEVEN MICHAEL BACKSTROM, acting pro se and while a prisoner confined

in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit

pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced

defendants and has been granted permission to proceed in forma pauperis.

By his June 12, 2012 Amended Complaint, plaintiff states he was injured March 1, 2011

while working on a "DESMA" machine, in the shoe factory.  Plaintiff says it was his first day on

the job and he was being trained in the operation of the machine when his right hand was pressed

in a shoe mold, requiring surgery and leaving him with permanent impairment and pain.  Plaintiff

says this accident occurred because he was sleep-impaired, because of improper training by

inmates and no safety training, and because the DESMA machines are inherently unsafe.

Plaintiff requests a permanent injunction prohibiting the future use of any DESMA

machine, future certified training, compensatory damages of $10,000.00 per defendant, punitive

damages of $100,000.00 per defendant and "no retaliation against plaintiff."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state

a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will

support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison,

or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).

A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926

F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim

presents grounds for dismissal or should proceed to answer by defendants.

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

**SOVEREIGN IMMUNITY**

To the extent plaintiff sues any of the defendants for monetary relief in their official

capacity, such claims are barred by sovereign immunity.  The Eleventh Amendment embodies

"the fundamental principle of sovereign immunity [that] limits the grant of judicial authority in

Art. III."  *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 97-98, 104 S.Ct. 900,

906, 79 L.Ed.2d 67 (1984).  The doctrine of sovereign immunity bars suit against a state agency

because, in such a case, the State itself is the real party in interest.  Such a lawsuit is barred

regardless of whether it seeks damages or injunctive relief.  *Pennhurst State School and Hospital*

*v. Halderman*, 465 U.S. 89, 101-02, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).  Consequently, except

to the extent plaintiff seeks future injunctive relief, his action against defendants in their official

capacities, pursuant to *Ex Parte Young*, 209 U.S. 123, 159-60, 28 S.Ct. 441, 453-54, 52 L.Ed. 714

(1908), is foreclosed by the Eleventh Amendment.

**EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT**

As set forth by the Fifth Circuit in *Walker v. Nunn*, no. 10-10452, 2011 WL 6934496, at

*3-4 (5th Cir. December 30, 2011):

> To establish an Eighth Amendment violation based on the conditions of
> confinement, a prisoner must satisfy both an objective and a subjective component.
> *Wood v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).  "First, he must show that his
> confinement resulted in a deprivation that was 'objectively, sufficiently serious.'"
> *Hernandez v. Velasquez*, 522 F.3d, 556 560 (5th Cir. 2008)(quoting *Farmer v.*
> *Brennan*, 511 U.S. 835, 834(1994)).  To make such a showing, the prisoner must
> demonstrate that the deprivation violated contemporary standards of decency and
> resulted in the denial of "the minimal civilized measure of life's necessities."
> *Wilson . Seiter*, 401 U.S. 294, 298 (1991)(internal quotation marks and citation
> omitted); *see Helling v. McKinney*, 509 U.S. 25, 36 (1993).  "[S]leep undoubtedly
> counts as one of life's basic  needs." *Harper v. Showers*, 174 F.3d 716, 720 (5th
> Cir. 1999).

Second, regarding the subjective component, the prisoner must show prison officials possessed a sufficiently culpable state of mind in that they were deliberately indifferent to the alleged conditions. *Wilson*, 501 U.S. at 2970-303; *Woods*, 51 F.3d at 581. To establish deliberate indifference, the prisoner must show that the officials knew of and disregarded an excessive risk to prisoner health or safety. *Farmer*, 511 U.S. at 837. That is, the prisoner must show that (1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and (2) the official drew the inference. *Id*. "Deliberate indifference is an extremely high standard to meet." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (internal quotation marks and citation omitted).

In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. "[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Id*. at 845. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847.

Plaintiff alleges he was sleep-deprived on the day of the incident and that defendant THAYLER "dictates sleep deprivation policies" and defendant ADAMS "executes sleep deprivation practices." To show what he means by sleep deprivation, plaintiff states that, on the night before the incident, he went to bed around 9:00 p.m. but was awakened five times by doors slamming, dominos being slammed on tables in the dayroom, mail call, meal card and/or lay-in delivery, and count, including bed-book. Plaintiff says he was required to wake up for his meal card delivery and for bed-book. Plaintiff complains he only got about 3.5 hours of uninterrupted sleep.

The Court notes the Clements Unit, like a small city, must operate on a twenty-four-hour basis to perform the tasks required to keep the prison functioning. *Walker v. Nunn*, no. 10-10452, 2011 WL 6934496, at *5 (5th Cir. December 30, 2011). Hourly ingress and egress enables prisoners to enter and leave their cells as needed while restricting intrusion into the cells by others.

*Id*.  Head counts are performed by the staff throughout the day and do not require active

participation from inmates, except for the nightly bed-book count. *Walker v. Nunn*, no. 10-10452,

2011 WL 6934496, at *5 (5th Cir. December 30, 2011).  The structure of the prison schedule, its

hourly ingresses and egresses, intercom announcements, and daily counts are reasonably related to

legitimate penological interests.  *See id.*

Moreover, plaintiff has not alleged any fact to show either defendant THAYLER or

defendant ADAMS had personal knowledge that plaintiff was suffering from a lack of sleep or

that he was in substantial risk of serious harm because of it.

Plaintiff has failed to allege facts which will support a claim of cruel and unusual

punishment with respect to sleep deprivation.

Plaintiff's allegation that the four DESMA machines in the Clements Unit Shoe Factory

are unsafe is based on his contention that there were 4 injuries on these machines during a seven-

month period spanning November 2010 through May 2011 and there were none on a new soling

machine in the factory in 4½ years of use.  Further, plaintiff contends the older DESMA machines

do not have adequate guards and safety mechanisms to prevent injury.

Plaintiff alleges defendants ADAMS, WILLIAMS, BOERLIN, HARRELL, GRANT, and

HAZELWOOD knew of the injuries on the DESMA machines but continued to operate the shoe

factory or failed to take actions to update or replace unspecified equipment.  The fact that there

was an average of one injury per DESMA machine during the only period plaintiff referenced and

none on the newer machine is not a sufficient allegation of fact to support a claim that the

defendants had knowledge of facts indicating the DESMA machines were unsafe and were an

excessive risk to inmate safety, much less is it sufficient to support an allegation that they drew

that inference.  Plaintiff has failed to allege facts sufficient to state a claim of deliberate

indifference by defendants ADAMS, WILLIAMS, BOERLIN, HARRELL, GRANT, and

HAZELWOOD concerning the DESMA machines.

Plaintiff argues defendants JOHN DOE, American Correctional Assn. Executive Director

and JOHN DOE, Texas Dept. of State Health Executive Director, "[e]ither knowingly or not,"

certified the DESMA machines as "safe" when they are not.  At most, plaintiff's allegations

against these defendants states a claim of negligence, if even that; however, section 1983 imposes

liability for deprivation of constitutionally protected rights, not for violations of tort duties of care.

*Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S.

327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on

stairs); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)("negligent medical care does not

constitute a valid section 1983 claim.").

Plaintiff also complains he was trained by another inmate, instead of receiving "certified

instruction," and that he received no safety instruction.  Plaintiff has not indicated any defendant

is liable for these alleges deficits and has utterly failed to show a causal connection to his alleged

accident.  Thus, plaintiff has failed to state a claim on which relief can be granted.

Lastly, to the extent plaintiff's claims against THAYLER, ADAMS, and any of the other

defendants is based upon their supervisory capacities, the acts of subordinates trigger no

individual section 1983 liability for supervisory officers.  *Champagne v. Jefferson Parish Sheriff's*

*Office*, 188 F.3d 312, 314(5th Cir. 1999).  Plaintiff has failed to state a claim on which relief can

be granted based on the defendants' supervisory positions.

**CONCLUSION**

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff STEVEN MICHAEL BACKSTROM be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Plaintiff may utilize the period for filing objections in which to amend his pleading to cure his deficient claim(s) or he may file objections to the Report and Recommendation.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of June, 2012.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

4/12-0116.wpd                                    8