IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

STEVEN MICHAEL BACKSTROM, PRO SE,§
TDCJ-CID No. 1657938,                                  §
                                                                        §
           Plaintiff,                                            §
                                                                        §
v.                                                                    §       2:12-CV-0116
                                                                        §
RICK THAYLER ET AL.,                                  §
                                                                        §
           Defendants.                                         §

**ORDER OF DISMISSAL**

Plaintiff STEVEN MICHAEL BACKSTROM, while a prisoner confined in the Texas

Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to

Title 42, United States Code, section 1983 complaining against various administrators and other

persons employed by the Texas prison system, and has been granted permission to proceed *in

forma pauperis*.

On June 26, 2012, a Report and Recommendation was issued by the United States

Magistrate Judge recommending the instant cause be dismissed without prejudice for failure to

state a claim on which relief can be granted.

Plaintiff was instructed he could utilize the period for objections for filing an amended

complaint or for objecting to the Report and Recommendation.

Plaintiff filed his "Response to Court's Recommendation" on July 6, 2012.  The

Response is construed as plaintiff's objections.  By his objections, plaintiff argues that

examination of his exhibit 1 attached to his Complaint "clearly shows the sleep interuptions [sic]

are not consistant [sic]; therefore proving that mail does not have to be issued after 10:30 p.m. . . . nor do any of the other reasons . . . ." Review of the exhibit shows it appears to be a record of the interruptions to plaintiff's sleep from April 15 through April 30 of 2011; May 22 through June 9 of 2011; June 27 through July 5, 2011; August 1 through August 25 of 2011; and April 11, through May 1 of 2012. While the log is not entirely understandable, it appears to show that some nights during those selected time periods plaintiff was not disturbed at all and other nights he was disturbed several times. It is not clear, however, that the absence of disturbance was due to a failure of guards to run the necessary counts and distribute mail, etc., or was the result of plaintiff's ability to sleep through most of the disturbance. At any rate, accepting plaintiff's allegation that the disturbances are not entirely consistent[1] does not alter the fact that the counts are necessary for security purposes and that mail and lay-ins must be distributed, along with insulin for diabetics, and necessities for all inmates. The fact that some nights are more peaceful than other does not show that the disturbances are the result of a policy to deprive inmates of sleep or that they constitute deliberate indifference to cruel and unusual prison conditions on the part of the defendants.

Plaintiff also points to defendant ADAMS' signature on two of plaintiff's Step 1 grievances, arguing they show ADAMS had personal knowledge of plaintiff's sleep deprivation. Plaintiff does not identify the two grievances by number, making it difficult to identify with certitude those he is indicating. Nevertheless, there is a Step 1 grievance no. 2011162877 signed by defendant Warden ADAMS April 21, 2011 in which plaintiff complains of his March 1, 2011

---

[1]Plaintiff did not provide a log for the period immediately preceding his accident in the shoe factory.

accident in the shoe factory, saying it was caused by TDCJ's intentional policy of sleep deprivation, improper training by another inmate, and a lack of safety features on the DESMA machine. Warden ADAMS noted the machine had been checked after the accident and was found to have safety features which were in place at the time of the accident, the machine was operating properly, and plaintiff had said after the accident that he was not paying attention when he got his hand caught in the machine. There is also a Step 1 grievance no. 2012038071 signed by defendant Warden ADAMS in which plaintiff complains of inadequate safety training for trimmers in the shoe factory. The Court notes plaintiff as not working as a trimmer at the time of his accident and this grievance was filed in October of 2011, eight months after the accident. Warden ADAMS' response was that Mr. Jones stated, on investigation, that plaintiff was given the opportunity to ask any questions he had before being required to sign the safety training sheet.

Neither of these two grievances is sufficient to give defendant ADAMS personal knowledge of the events and conditions plaintiff alleges led to his March 1, 2011 accident on the DESMA machine or to show that any of the defendants knew of conditions creating a substantial risk of serious harm to the inmates before the accident and were deliberately indifferent to them.

The Court has viewed those sections specifically identified by plaintiff in his objections in the light most favorable to him and finds plaintiff has not alleged sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the objections filed by the plaintiff.

The Court is of the opinion that the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the Civil Rights Complaint by STEVEN MICHAEL BACKSTROM is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record.  The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ day of July, 2012.


_____
MARY LOU ROBINSON
United States District Judge